IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,620-01 to -03





EX PARTE TYROBIOA LEROY BROWNER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 14559-HC1, 14560-HC1, & 15256-HC1


IN THE 6TH DISTRICT COURT FROM LAMAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivering
cocaine on three dates in 1993 and was sentenced to fifteen years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. Applicant has alleged facts that, if true might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Department of Criminal Justice, Correctional Institutions and Parole
Divisions to file affidavits listing Applicant's sentence begin date, the dates of issuance of any
parole-revocation warrants or summons leading to the revocation of such parole or mandatory
supervision, and the date of the revocation. The affidavits should state whether Applicant is serving
a sentence for, or has previously been convicted of, an offense which was listed in tex. Gov't code
§ 508.149(a) at the time of Applicant's revocation. The affidavits should also address how much
time was remaining on this sentence on the date that Applicant was released on parole, and how
much time Applicant spent on release before the issuance of the parole-revocation warrant or
summons. The affidavits should state whether or not Applicant is receiving credit for any of the time
spent on parole. Finally, the affidavit should indicate whether or not Applicant has submitted his
claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted
or resolved.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by tex. Gov't code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 7, 2007

Do not publish